# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAVID L. MORELAND, | * | |
| Plaintiff, | * | |
| v. | * | CV 214-112 |
| THE BANK OF NEW YORK MELLON, f/k/a The Bank of NY, successor to JP Morgan Chase Bank, successor to Chase Manhattan Bank, successor to Chemical Bank, as Trustee for IMC Home Loan Equity Trustee 1998-1 by Select Portfolio Servicing Inc.; RICHARD B. MANER; and JPMORGAN CHASE BANK N.A., | * | |
| Defendants. | * | |

## ORDER

Plaintiff David L. Moreland seeks to challenge Defendants' foreclosure proceedings against him with this federal action, asserting a variety of civil and criminal causes of action under state and federal law. The problem is that he has brought this same challenge once before in state court, and lost. His claims are barred by *res judicata*, and Defendants Bank of New York Mellon and Select Portfolio Servicing, Inc.'s Motion to Dismiss, (Doc. no. 23), is **GRANTED.** These Defendants' earlier Motion to Dismiss (Doc. no. 18) is **DENIED AS MOOT**. Additionally, it is unclear — even after Plaintiff amended his Complaint — why

Defendants JPMorgan Chase Bank and Maner are even named as Defendants in this case. Chase's Motion to Dismiss for failure to state a claim (Doc. no. 17) is **GRANTED**, and any intended claims against Defendant Maner are **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's *pro se* Complaint. (Doc. no. 1, "Moreland II Compl.") They are supplemented by documents Plaintiff references in his Complaint which are central to that Complaint.[1]

Plaintiff purchased the subject Property on October 28, 1997, for $48,775. (Moreland II Compl. ¶ 13; Doc. no. 18-2.) Plaintiff says the mortgage was first held by Residential Mortgage, but then was sold and resold several times, ultimately ending up in the hands of Defendant Select Portfolio Servicing, Inc. ("SPS"). (Moreland II Compl. ¶ 13; Doc. no. 18-4 ("Assignment").) The Assignment states that SPS is acting as "Attorney-in-Fact" for Defendant Bank of New York Mellon ("Trustee") and has the "authority to exercise the rights of a Loan Servicer." (Assignment ¶ 5.)

"The Plaintiff paid his mortgage payments directly to each of these corporation[s] when each one owned the promissory note. Then Plaintiff had to file bankruptcy three times, because

---

[1] The Court may consider, on a motion to dismiss, documents that are referenced in and central to Plaintiff's Complaint where there is no reason to doubt their authenticity. Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

2

Select Portfolio Servicing, Inc. made it difficult for the Plaintiff with frequently inaccurate information in the system." (Moreland II Compl. ¶ 13.)

## II. PROCEDURAL BACKGROUND

On October 21, 2010, when foreclosure proceedings had been commenced against Plaintiff, he filed a *pro se* "Complaint to Set Aside Wrong Fraudulent Foreclosure and Petition for Interlocutory Injunction" against SPS in the Superior Court for Glynn County, Georgia. (Doc. no. 18-8 ("Moreland I Compl.," David Leon Moreland v. Select Portfolio Servicing, Inc., No. CE 10-02035-063 ("Moreland I")).)[2] In Moreland I, Plaintiff alleged 13 separate causes of action: (1) misrepresentation under Georgia Code section 33-15-122; (2) irregularities in sale; (3) fraud; (4) Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; (5) trespass; (6) conversion; (7) wrongful foreclosure; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) libel; (11) Fair Credit Reporting Act ("FCRA") violations; (12) punitive damages; and, by an amended complaint, (13) Real Estate Settlement Procedures Act ("RESPA") violations. (Id. (Moreland I Compl.); id. at 92 ("Moreland I Am. Compl.").)

---

[2] The Court need not convert this motion to dismiss into a motion for summary judgment pursuant to Rule 56(c) in order to take judicial notice of Plaintiff's prior court filings, which are public records. See Univ. Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006); FED. R. CIV. P. 56(c).

3

The Superior Court dismissed all of Plaintiff's claims with prejudice. (Doc. no. 18-10 ("Moreland I Order").) Plaintiff filed a Motion to Set Aside Judgment in the trial court on August 6, 2013, which was denied on November 25, 2013. (Doc. no. 18-11.) Plaintiff then filed a direct appeal to the Georgia Supreme Court, which transferred the appeal to the Georgia Court of Appeals. (Doc. no. 18-12.) The Georgia Court of Appeals dismissed the matter as untimely on February 3, 2014. (Doc. no. 18-13.)

After Plaintiff's appeal was dismissed, he was sent formal notice of a scheduled foreclosure sale of his property. (Doc. no. 18-14 ("Notice").) Plaintiff initiated the instant lawsuit shortly thereafter. (See Moreland II Compl.) The Complaint lists eight counts, including: (1) RESPA violations; (2) misrepresentation; (3) fraud; (4) conversion; (5) irregularities; (6) libel; (7) RICO violations; and (8) punitive damages. (Id. ¶¶ 14-21.) Plaintiff also filed a Motion for Preliminary Injunction to bar the foreclosure (Doc. no. 5), which was denied as moot after Defendants Trustee and SPS filed a notice informing the Court that the foreclosure sale was cancelled "out of an abundance of caution" (Doc. nos. 11, 12).

Defendant JPMorgan Chase Bank ("Chase") filed its Motion to Dismiss on September 4, 2014. (Doc. no. 17.) SPS and Trustee

4

filed their first Motion to Dismiss on September 12, 2014. (Doc. no. 18.) The Court ordered Plaintiff to respond to or oppose these motions on September 17, 2014. (Doc. no. 21.) Plaintiff responded by moving to amend his Complaint "to add criminal and civil law," bringing the total number of claims to 19: (9) "criminal and civil RICO 1961-1964"; (10) conspiracy; (11) trespass; (12) "criminal and civil asset forfeiture"; (13) money laundering; (14) tax fraud; (15) breach of implied covenant of good faith and fair dealing; (16) interference "and other laws"; (17) bankruptcy fraud; (18) fraudulent conveyance; and (19) fraudulent solicitation "and so forth." (Doc. no. 22 ("Moreland II Am. Compl.").) The Magistrate Judge granted Plaintiff's Motion to Amend his Complaint.[3] (See Doc. no. 28.)

Defendants Trustee and SPS argue that Plaintiff's Complaint is barred by *res judicata* and that his allegations fail to meet the pleading standards of Federal Rules 8, 9, and 12(b)(6). (Doc. no. 23-1, p. 8.) Defendant Chase moves to dismiss pursuant to 12(b)(6) because Plaintiff never identifies Chase in the Complaint other than to name it as a predecessor in interest to the other Defendants. (Doc. no. 17-1, p. 2.)

---

[3] Plaintiff filed a Motion to Amend which listed additional claims. Doc. no. 22. The Magistrate Judge granted that request and deemed Plaintiff's Complaint amended. Doc. no. 28. Plaintiff later attempted to argue that, although he moved to amend, he had not yet filed his Amended Complaint, "so how can the Defense attorney file a motion to dismiss on something that [has] not yet been filed?" Doc. no. 30, ¶¶ 1, 13. For purposes of this Order, the Court will consider Plaintiff's Complaint amended.

5

## III. DISCUSSION

### A. Plaintiff's Complaint Fails to State a Claim Against Defendants JPMorgan Chase Bank and Maner.

Defendant Chase has filed a Motion to Dismiss arguing that Plaintiff listed it as a Defendant but otherwise failed to make any allegations against it in his Complaint. (Doc. no. 17.) Defendant brings its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### 1. Legal Standard

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

6

## 2. Analysis

Defendant Chase filed its Motion to Dismiss before the Magistrate Judge granted Plaintiff's Motion to Amend his Complaint. (See Docs. 17, 22, 28.) Under the Federal Rules of Civil Procedure, an amended complaint supersedes the original complaint. Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982). "As a result, motions directed at the superseded pleading generally are to be denied as moot." N.Y. Life Ins. Co. v. Grant, 57 F. Supp. 3d 1401, 1409 (M.D. Ga. 2014). However, the Court may consider Defendant Chase's Motion to Dismiss the original Complaint as being directed towards the Amended Complaint. See id.; 6 CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

Defendant Chase's sole appearance in the Complaint is on the first page, where it is listed as a predecessor in interest to other Defendants. See generally Moreland II Compl; Moreland II Am. Compl. It is never mentioned again. The Complaint, with or without the amended claims, gives no indication of what, if

anything, Defendant Chase has done wrong. Even under the liberal standard under which *pro se* complaints are interpreted, the allegations in Plaintiff's Complaint are conclusory, speculative, unspecific, and fall short of the standard for alleging a plausible claim for relief. Plaintiff was afforded the opportunity to amend (Doc. 28) and did not cure these deficiencies notwithstanding that he had notice of Defendant Chase's contentions. As such, Defendant Chase's Motion to Dismiss (Doc. no. 17) is **GRANTED**.

Similarly, Defendant Maner is named as a defendant in the case caption, but Plaintiff makes no allegations against him in either his Original or Amended Complaints. References to Defendant Maner in the Complaint or otherwise (see Doc. no. 6) are so scant that dismissing any intended claims against him is appropriate. As such, all claims against Defendant Maner are **DISMISSED WITHOUT PREJUDICE.**[4] See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir. 2007) (affirming a *sua sponte* Rule 12(b)(6) dismissal where Plaintiffs had already filed an amended complaint and dismissal was without prejudice).

---

[4] Although the Court is dismissing the claims against Defendant Maner under Rule 12(b)(6) for failure to state a claim, those claims are also due to be dismissed under Rule 12(b)(5) for insufficient service of process. See Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) (affirming a *sua sponte* Rule 12(b)(5) dismissal for failure to effect timely service pursuant to Rule 4(m)).

8

### B. Plaintiff's Claims Against SPS and Trustee are Barred by *Res Judicata*.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013). When a federal court is "asked to give *res judicata* effect to a state court judgment, [it] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006). Because Moreland I was decided by the Glynn County Superior Court, Georgia law applies here. In Georgia, "[t]hree prerequisites must be satisfied before *res judicata* applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Karen, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006); see also O.C.G.A. § 9-12-40.

All three requirements are satisfied here. First, the same cause of action is involved in both suits. A "cause of action" is "the entire set of facts which give rise to an enforceable claim." Lilly v. Heard, 761 S.E.2d 46, 50 (Ga. 2014). Moreland I concerned the same Loan, Security Deed, and Assignment at issue in this case. (See Moreland I Compl. ¶¶ 1-12; Moreland II

9

Compl. ¶ 13.) The two Complaints seek similar relief. (See Moreland I Compl. ¶ 12 (requesting injunction of foreclosure proceedings); Moreland II Compl. ¶¶ 23-32 (requesting injunction of foreclosure proceedings and an injunction barring Defendants from assigning the mortgage or "taking any action on behalf of a purported beneficial owner of the mortgage loan.").) The Complaints even share nearly identical titles. (Compare Moreland I Compl. ("Complaint to Set Aside Wrong Fraudulent Foreclosure and Petition for Interlocutory Injunction"), with Moreland II Compl. ("Complaint to Set Aside Fraudulent Foreclosure Temporary and Permanent Interlocutory Injunction Relief").) Before Defendants raised the *res judicata* defense, the Moreland II Complaint only alleged claims that Plaintiff had already lodged in Moreland I. And Plaintiff's subsequent attempt to amend the Moreland II Complaint to include new claims will not defeat *res judicata*, which bars relitigating "claims that were *or could have been* litigated in a prior action between the same parties."[5] Lobo, 704 F.3d at 892 (emphasis added). To the extent Plaintiff's new claims in Moreland II are even justiciable, they all arise out of the same nucleus of operative fact in Moreland I: the foreclosure of his home. See id. at 893

---

[5] As noted above, it is unclear whether or not Plaintiff thinks he actually amended his Complaint. See supra note 3. The Original Complaint merely re-alleges claims that were dismissed by the Glynn County Superior Court, and the Amended Complaint only alleges claims that were or could have been litigated in that prior action. Either iteration of the Complaint would be barred by *res judicata*.

("A cause of action is the same for res judicata purposes if it 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.'"). The present action seeks the exact same remedy for the exact same circumstances addressed in Moreland I. There is not a single factual distinction between the cases, and the causes of action are thus the same.

Second, there is privity between the parties here. A privy is "one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Lilly, 761 S.E.2d at 50. Moreland I was only brought against Defendant SPS. In Moreland II, Plaintiff names SPS,[6] Trustee, JPMorgan Chase Bank, and Richard Maner. SPS, the loan servicer, and Trustee, the loan holder, are plainly in privity with one another. See Bailey v. Deutsche Bank Trust Co., No. 3:13-CV-1, 2013 WL 820411, at *3 (M.D. Ga. Mar. 5, 2013) (finding that a trustee is in privity with its loan servicer because they share a concurrent interest in collecting the indebtedness and enforcing the same property right). For purposes of Defendants SPS and Trustee's res judicata defense, there is privity between the parties.

---

[6] SPS is not listed as a Defendant in Moreland II. However, Plaintiff had a separate summons issued to SPS, and SPS has accordingly appeared separately to defend itself in this action. (See Doc. no. 23-1, p. 12 n.18.)

11

Finally, Moreland I's adjudication on the merits was rendered by a court of competent jurisdiction. In Georgia, a "dismissal with prejudice operates as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause." Marchman & Sons, Inc. v. Nelson, 306 S.E.2d 290, 293 (Ga. 1983). The Glynn County Superior Court reviewed Moreland I's merits and dismissed it with prejudice for failure to state a claim upon which relief could be granted. (See Moreland I Order.) Plaintiff then failed to make a timely appeal. (See Doc. no. 18-13.) The ultimate dismissal of Plaintiff's claims in Moreland I is *res judicata* on the merits of those claims. See Marchman & Sons, 306 S.E.2d at 293; In re Estate of Bagley, 522 S.E.2d 281, 283 (Ga. Ct. App. 1999) (finding final judgment on the merits where plaintiff failed to appeal final order within 30 days).

Plaintiff's conclusory contention that the Glynn County Superior Court did not, in fact, have jurisdiction to hear his claims in Moreland I is meritless.[7] (See Doc. no. 30, ¶¶ 7, 11.) In Georgia, Superior Courts are courts of general jurisdiction. See GA. CONST. art. 6, § 4, ¶ I ("The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution."). Eleven of Plaintiff's thirteen claims in Moreland I are state law claims, and the Superior Court's

---

[7] Notably, the Superior Court was Plaintiff's initial forum of choice.

12

jurisdiction over those claims is clear. Furthermore, the Superior Court has concurrent jurisdiction to hear Plaintiff's FCRA and RESPA claims. The United States Supreme Court has consistently held that, under our system of dual sovereignty, "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 823 (1990). "To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." Id. Congress has not stripped state courts of their concurrent jurisdiction over FCRA and RESPA claims. See 15 U.S.C. § 1681p (granting FCRA jurisdiction to federal district courts and "any other court of competent jurisdiction"); 12 U.S.C. § 2614 (granting RESPA jurisdiction to federal district courts and "any other court of competent jurisdiction"). Plaintiff's cause of action, then, was adjudicated and dismissed with prejudice by a court of competent jurisdiction.

All three of Georgia's *res judicata* requirements are satisfied. "What has been is what will be, and what has been done is what will be done, and there is nothing new under the sun." Ecclesiastes 1:9. There is nothing new here. What has

13

been done before is what will be done again: Plaintiff's claims against SPS and Trustee are **DISMISSED WITH PREJUDICE**. Defendants' Motion to Dismiss (Doc. no. 23) is **GRANTED**, and their previous Motion to Dismiss (Doc. no. 18) is **DENIED AS MOOT**.

## IV. CONCLUSION

Defendant JPMorgan Chase Bank's Motion to Dismiss (Doc. no. 17) is **GRANTED** because Plaintiff's Complaint fails to state a claim against it. Defendants SPS and Bank of New York Mellon's Motion to Dismiss (Doc. no. 23) is **GRANTED** because Plaintiff's claims are barred by *res judicata*. Defendants' earlier Motion to Dismiss (Doc. no. 18) is **DENIED AS MOOT**. Any claims Plaintiff brings against Defendant Maner are **DISMISSED WITHOUT PREJUDICE**. The Clerk **SHALL TERMINATE** SPS, Bank of New York Mellon, Chase Bank, and Maner as defendants in this matter, as well as all deadlines and motions pertaining to them, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of July, 2015.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA